

# IN THE
# TENTH COURT OF APPEALS

No. 10-19-00237-CV

## IN THE INTEREST OF J.G. AND A.P., CHILDREN

From the 74th District Court
McLennan County, Texas
Trial Court No. 2017-3473-3

## OPINION

In four issues, appellant, Augustine Perez, challenges the trial court's order, entered after a bench trial, terminating his parental rights to J.G. and A.P.[1] Specifically, Perez contends that the evidence is legally and factually insufficient to support the

---

[1] In his notice of appeal, Perez indicates that the style of this case is *In the Interest of J.G., A.P., and L.G., children*. However, the record reflects that Perez is not the father of L.G. and that his parental rights were therefore terminated as to J.G. and A.P. only. Neither the mother of all three of the children nor the father of L.G. have filed notices of appeal in this matter. Accordingly, we cannot construe Perez's notice of appeal to encompass L.G. Without a proper notice of appeal, there is nothing preserved for appellate review pertaining to L.G. *See* TEX. R. APP. P. 25.1(c) ("A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal."); *see also Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 171 (Tex. 2004) ("Northglen did not file a notice of appeal from the trial court's judgment, did not notice a cross-appeal, and did not petition this court for review on the point. Accordingly, Northglen did not preserve this issue for our review."). Because there is not a proper notice of appeal corresponding with L.G. in this proceeding, we modify the style of this case to delete L.G.

predicate grounds for termination under sections 161.001(b)(1)(D) and (E) of the Family Code. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D)-(E) (West Supp. 2018). We affirm as modified.

## I.    ANALYSIS

In its termination order, the trial court stated that the predicate grounds for termination of Perez's parental rights as sections 161.001(b)(1)(D), (E), (N), and (O) of the Family Code and that termination of Perez's parental rights is in the best interest of the children.[2] *See id.* § 161.001(b)(1)(D), (E), (N), (O). On appeal, Perez only challenges the sufficiency of the evidence pertaining to the predicate grounds for termination under sections 161.001(b)(1)(D) and (E) of the Family Code.

Appellee, the Department, represented by the Criminal District Attorney for McLennan County, Texas, filed a letter brief conceding that the findings under section 161.001(b)(1)(D) and (E) of the Family Code "should be removed from the final order terminating Appellant[] Augustine Perez's parental rights." Because appellee agrees that Perez is entitled to the relief requested, and because appellee has waived any complaint

---

[2] Perez does not challenge the trial court's best-interest findings, nor does he challenge the trial court's findings under sections 161.001(b)(1)(N) and (O) of the Family Code. Therefore, the trial court's best-interest findings, as well as the trial court's findings under sections 161.001(b)(1)(N) and (O), are binding on this Court, and we need not address them in this opinion. *See IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 445 (Tex. 1997); *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986); *see also In re K.L.G.*, No. 14-09-00403-CV, 2009 Tex. App. LEXIS 8011, at *7 (Tex. App.—Houston [14th Dist.] Oct. 15, 2009, no pet.) (mem. op.) ("Appellant did not raise a challenge to the predicate ground in subsection Q or to the best-interest finding. Second, because they were unchallenged, findings supporting termination of appellant's parental rights to K.L.G. are binding, and no review of the other predicate grounds or the best-interest finding is necessary." (citing *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003))).

pertaining to sections 161.001(b)(1)(D) and (E) of the Family Code, we sustain Perez's

issues on appeal to the extent that the parties agree that sections 161.001(b)(1)(D) and (E)

of the Family Code should be removed from the trial court's order as predicate grounds

for termination. In sustaining Perez's issues on appeal, we are simply accepting

appellee's waiver and specifically not reviewing the evidence for sufficiency to support

these predicate grounds. *See, e.g., Menon v. Water Splash, Inc.,* No. 14-14-00012-CV, 2018

Tex. App. LEXIS 194, at *8 (Tex. App.—Houston [14th Dist.] Jan. 9, 2018, no pet.) ("On

the other hand, a litigant also can concede or waive issues and arguments on appeal . . .

.").

## II.    CONCLUSION

Based on the foregoing, we modify the trial court's termination order to delete the

findings under sections 161.001(b)(1)(D) and (E) of the Family Code. Given that Perez

does not challenge the remaining two predicate grounds for termination of his parental

rights under section 161.001 of the Family Code or the best-interest grounds, we

otherwise affirm the trial court's termination order in all other respects. *See* TEX. FAM.

CODE ANN. § 161.001(b) (stating that in an involuntary termination proceeding, the Texas

Department of Family and Protective Services must establish: (1) at least one ground

under subsection (b)(1) of section 161.001; and (2) that termination is in the best interest

of the child); *see also In re A.V.,* 113 S.W.3d 355, 362 (Tex. 2003) ("Only one predicate

finding under section 161.001[(b)](1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest.").

JOHN E. NEILL
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Neill
Affirmed
Opinion delivered and filed November 20, 2019
[CV06]

